**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-00225-CMA

ANGELA J. ALLEN,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

      Defendant.

---

**ORDER GRANTING MOTION FOR ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

---

This matter is before the Court on Plaintiff's Motion for an Award of Attorney Fees Under the Equal Access to Justice Act (Doc. # 23).  The Court has jurisdiction under 28 U.S.C. § 2414.  For the reasons stated below, Plaintiff's motion is granted.

## I.  BACKGROUND

The facts and procedural history of this case are set out at length in the Administrative Record (Doc. # 5-3), and the Court's oral ruling (Doc. # 22).  A short recap follows.

Plaintiff's application for Social Security disability benefits was heard before an Administrative Law Judge ("ALJ") on July 28, 2010.  (Doc. # 1, ¶ 3.)  The ALJ ruled that Plaintiff was not entitled to disability benefits.  (*Id.*)  After the Appeals Council affirmed the decision of the ALJ (*Id.*, ¶ 6), Plaintiff appealed to this Court.  (*Id.*)  In a November 9,

2012 oral ruling, this Court reversed the ALJ's decision and remanded for further proceedings.  (Doc. # 22 at 19.)  The Court found that the Commissioner did not adequately address the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles.  (*Id.*)

After issuing its order, the Court entered judgment in favor of Plaintiff on November 14, 2012.  (Doc. # 21.)  Plaintiff filed an application requesting attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Doc. # 23.)  The Commissioner responded on February 26, 2013 (Doc. # 26), and Plaintiff replied on March 28, 2013 (Doc. # 28).

## II. <u>DISCUSSION</u>

The EAJA provides for an award of attorney fees to a prevailing party in a civil action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Blum v. Stenson*, 465 U.S. 886, 888 (1984) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "A request for attorney's fees should not result in a second major litigation."  *Hensley*, 461 U.S. at 437.  "Ideally, of course, litigants will settle the amount of a fee."  *Id.*  "Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Id.*  In making a determination regarding the reasonableness of the fee request, the Court will

2

"examine hours allotted to specific tasks." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711 (1987).

In the instant case, Plaintiff requests an award of $11,980.69 in attorney fees. (Doc. # 28 at 2 n.1.)  This amount represents the total number of hours incurred in Plaintiff's case, 72.3 hours,[1] multiplied by the hourly rate agreed upon by the parties, which is $182.12, and reduced by ten percent (Doc. # 23, ¶ 5).  In support of this motion, Plaintiff's attorney, Gordon Williams ("Mr. Williams"), submitted an affidavit that documented his time records.  (Doc. # 23-2 at 4.)  Although Plaintiff has met the threshold conditions for an award of fees under EAJA, the Court must still determine what fee is reasonable.  *INS v. Jean*, 496 U.S. 154, 161 (1980).  The Commissioner does not oppose an award of EAJA fees, or the rate proposed, but asserts that the number of hours claimed by Mr. Williams is not reasonable.  (Doc. # 26 at 2–6.)

The Commissioner asserts that the typical number of hours spent before the district court on a Social Security disability claim is between twenty and forty hours. (Doc. # 26 at 3 (citing *Williams v. Astrue*, No. 06-4027-SAC, 2007 WL 2582177, at *1–2 (D. Kan. Aug. 28, 2001); *Pribek v. Sec'y, Dep't of Health & Human Servs.*, 717 F. Supp. 73, 75–77 (W.D.N.Y. 1989); *Terry v. Bowen*, 711 F. Supp. 526, 527 (D. Ariz. 1989); *Spuil v. Bowen*, 691 F. Supp. 302, 306–07 (M.D. Fla. 1988)).)  Although some social security cases may require less time, an expenditure of time above forty hours in a social security disability claim is not atypical.  *See, e.g.*, *Brodeur v. Astrue*, No. 09-cv-

---

[1]   Plaintiff's counsel noted that 1.2 hours listed in his itemized billing on June 10, 2012 was included in error.  (Doc. # 28 at 2 n.1.)

00045-WYD, 2010 WL 4038611, at *4 (D. Colo. Oct. 14, 2010) (finding 46.09 hours

reasonable); *Carlson v. Astrue*, 500 F. Supp. 2d 1174, 1177, 1181 (S.D. Iowa 2007)

(53.25 hours); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 914 (E.D. Wis. 2004) (61 hours);

*Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1012 (E.D. Wis.2004) (45.5 hours); *Palmer*

*v. Barnhart*, 227 F. Supp. 2d, 975, 978 (N.D. Ill. 2002) (48.2 hours); Elzey v. Chater, 927

F. Supp. 1436, 1437 (D. Kan. 1996) (45 hours); *Tavarez v. Heckler*, 610 F. Supp. 1059,

1064 (S.D.N.Y. 1985) (100 hours).[2]

Having reviewed Mr. Williams's time records, and noted that he reduced the

hours he billed in Plaintiff's case by ten percent and deleted the 1.2 hours that he

erroneously included in his original estimate, the Court finds that the 72.3 hours he

spent on this appeal of the Commissioner's denial of disability benefits in the federal

district court are not unreasonable.[3]   *See Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983) ("A request for attorney's fees should not result in a second major litigation.").

Additionally, because Mr. Williams researches when he writes, it is not unreasonable

---

[2]   The Commissioner also cites to *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 954–55 (1st Cir.
1984) to contend that "[t]he government is entitled to expect some additional efficiency from
experienced or able counsel."  The Court disagrees that this non-Social Security case is on
point.  *Grendel's Den., Inc.* dealt with violations of the Establishment Clause of the First
Amendment, Due Process and Equal Protection Clauses of the Fourteenth Amendment, federal
antitrust laws, and Massachusetts constitution and laws."  749 F.2d at 948.  Contrastingly, here,
Plaintiff filed with the Social Security Administration to apply for disability benefits.  (Doc. # 1,
¶ 1.)

[3]   The Commissioner acknowledges that "oral argument was held and that one of the issues
raised by Plaintiff – his step five argument based on *Hackett v. Barnhart*, 395 F.3d 1168 (10th
Cir. 2005) - was, if not novel, more complex than many issues raised in a Social Security brief."
(Doc. # 26 at 4.)

for him to block bill the time spent on researching and writing.  Thus, the Court grants

Plaintiff's motion for $11,980.69 in attorney fees and $369.80 in costs.[4]

Finally, although Plaintiff requests that the fee award be paid to counsel

(Doc. # 23-1), "the clear language of the [EAJA] provides that attorney's fees are paid

to the prevailing party, not the attorney."  *Manning v. Astrue*, 510 F.3d 1246, 1254 (10th

Cir. 2007).

### III. CONCLUSION

Accordingly, it is ORDERED that Commissioner pay Plaintiff $11,980.69 in fees

and $369.80 in costs under the EAJA, deliverable to Plaintiff.

DATED:  July   15  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4]   As the Commissioner asserts, filing and transcript fees are "costs."  (Doc. # 26 at 8 (citing 28 U.S.C. § 1920).)